IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LAWRENCE G. PAGE,                       §
Dallas Cnty. Jail Bookin No. 20043637,  §
                                        §
            Plaintiff,                  §
                                        §
V.                                      §        No. 3:21-cv-21-G-BN
                                        §
DALLAS COUNTY COURT SYSTEM,             §
ET AL.,                                 §
                                        §
            Defendants.                 §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Lawrence G. Page, an inmate at the Dallas County jail, alleges,
through a court-ordered amended *pro se* complaint, that the named defendants –
Dallas County Sheriff Marian Brown, former Dallas County District Attorney Bill
Hill, Page's parole officer, and a state prosecutor – "acted in concert to hide judicial
misconduct, an aggressive force cover-up by Irving police[ officers] Chris Williams
and Michael Cassata." Dkt. No. 5 at 4 (citing "Cause Number F010876 and Cause
Number F010877").

Page therefore requests that he be released and that he "prevail in his claim
against Chris Williams and Michael Cassata, for excessive force." *Id.*

Senior United States District Judge A. Joe Fish referred Page's case to the
undersigned United States magistrate judge for pretrial management under 28
U.S.C. § 636(b) and a standing order of reference.

To understand Page's current claims, the Court should take notice of previous

litigation that Page pursued in this Court.

Starting with the criminal case numbers Page cites in his complaint, another judge of this Court set out the background of these state convictions in recommending that the Court deny, as time barred, Page's application for a writ of habeas corpus under 28 U.S.C. § 2254:

> After waiving his right to a jury trial Petitioner pled not guilty to the offense of unlawful possession with intent to deliver a controlled substance as charged in the indictment in Cause No. F-0101876-MN and not guilty to the offense of assault on a public servant as charged in the indictment in Cause No. F-0101877-MN. Following a bench trial the court found Page guilty of the lesser included offense of possession of .2 grams of cocaine and guilty of assault. After finding that the prior convictions alleged in each indictment were true, the court imposed sentences of 10 years and 25 years imprisonment in the respective cases. Page did not appeal either conviction.
>
> Petitioner filed an art. 11.07 application attacking his drug conviction in the trial court on May 24, 2002. The application was denied on October 9, 2002, by the Court of Criminal Appeals. He also filed an art. 11.07 application attacking his assault conviction on May 24, 2002, which was denied by the Court of Criminal Appeals on January 22, 2003. He filed second applications attacking each of his convictions, which were dismissed by the Court of Criminal Appeals on October 22, 2003, pursuant to art 11.07 § 4 – abuse of the writ.
>
> Page filed his § 2254 petition in this action on November 5, 2003, attacking his conviction in No. F-001877-MN. He filed a second § 2254 petition, filed in No. 3-03-CV-2743-N on the same date attacking his conviction in No. F-001876-MN. The latter petition was transferred and consolidated with the petition filed in No. 3-03-CV-2741-G.

*Page v. Dretke*, Nos. 3:03-cv-2741-G & 3:03-cv-2743-G, 2004 WL 1614921, at *1 (N.D. Tex. July 16, 2004) (citations and footnotes omitted), *rec. adopted*, 2004 WL 1753233 (N.D. Tex. Aug. 3, 2004).

Related to these convictions, Page also brought civil claims of excessive force and wrongful arrest against Williams and Cassata, and, on screening, the Court dismissed the excessive force claim against Cassata – because it "implicates the

validity of [Page's] conviction for assault on a public servant and is barred by *Heck*"
– but allowed the other claims to proceed. *Page v. Williams*, No. 3:02-cv-1891-D, 2002
WL 31780865, at *3 (N.D. Tex. Dec. 2, 2002). Ultimately, however, the Court granted
both defendants' motion for summary judgment and dismissed Page's claims with
prejudice. *See Page v. Williams*, No. 3:02-cv-1891-D, 2004 WL 1118745 (N.D. Tex.
May 19, 2004), *rec. adopted*, 2004 WL 1238234 (N.D. Tex. June 3, 2004).

Under the Prison Litigation Reform Act, where a prisoner – whether he is
incarcerated or detained pending trial – seeks relief from a governmental entity or
employee, a district court must, on initial screening, identify cognizable claims or
dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious,
or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

Page's current claims are frivolous because, insofar as he has filed this case to
show that the named defendants "acted in concert to hide judicial misconduct, an
aggressive force cover-up by Irving police[ officers] Chris Williams and Michael
Cassata," his claims are inevitably based on "factual allegations [that] are necessarily
inconsistent with the validity of [a] conviction" that Page fails to show has been
reversed on direct appeal, expunged by executive order, or otherwise declared invalid
by a state tribunal or federal court – his conviction for assault on a public servant.
*McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006) (cited in *Bush v. Strain*, 513
F.3d 492, 498 n.14 (5th Cir. 2008)); *see Heck v. Humphrey*, 512 U.S. 477, 486-87
(1994); *see also Page*, 2002 WL 31780865, at *3.

The civil claims should therefore be dismissed as frivolous. *See Hamilton v.*

*Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." (citation omitted)).

In fact, because Page fails to show that this criminal "conviction has yet to be formally terminated in his favor, his [related civil] causes of action … have not yet accrued and will not begin to accrue until" the underlying conviction is vacated, reversed, expunged, declared invalid, or called into question by issuance of a writ of habeas corpus or otherwise. *Cook v. City of Tyler, Tex.*, 974 F.3d 537, 538-39 (5th Cir. 2020) (per curiam) (citing *Heck*, 512 U.S. at 489-90; footnote omitted); *see, e.g.*, *Mount v. Wakefield*, 738 F. App'x 280, 280-81 (5th Cir. 2018) (per curiam) (affirming dismissal of claim based on alleged violation of the Sixth Amendment right to effective assistance of counsel as barred by *Heck*).

To be clear, a *Heck* "dismissal 'do[es] not preclude a later claim meeting the preconditions for suit.' That is, a *Heck* dismissal is a dismissal without prejudice." *Cook*, 974 F.3d at 539 (quoting *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); citing *Clarke v. Stalder*, 154 F.3d 186, 191 (5th Cir. 1998) (en banc)). So, if Page meets the preconditions of *Heck* – that is, he obtains a termination of the underlying conviction in his favor – he may reassert the related civil claims.

### Recommendation

The Court should dismiss this action without prejudice to Plaintiff Lawrence G. Page's ability to refile his claims once he can show that the preconditions of *Heck v. Humphrey*, 512 U.S. 477 (1994), have been met.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 3, 2021

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE